# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DONNA GIFFORD, | CASE NO. 2:22-CV-4389 |
| Plaintiff, | JUDGE SARAH D. MORRISON |
| v. | MAGISTRATE JUDGE CHELSEY M. VASCURA |
| NORTHWOOD HEALTHCARE GROUP, LLC, ET AL., | **DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION TO STAY BRIEFING ON DEFENDANTS' MOTION TO COMPEL PENDING PRODUCTION OF FULL ARBITRATION AGREEMENTS AND ONBOARDING MATERIALS OR, IN THE ALTERNATIVE, BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION– EXPEDITED BRIEFING REQUESTED** |
| Defendants. | |

Defendants Northwood Healthcare Group, LLC ("Northwood"), and Garden Healthcare Group, LLC ("Garden"), by and through counsel, hereby moves this Court to strike Plaintiff's Motion to Stay Briefing on Defendants' Motion to Compel Pending Production of Full Arbitration Agreements and Onboarding Materials – Expedited Briefing Requested ("Motion to Stay") on the grounds that Plaintiff's motion is procedurally improper and otherwise has no legitimate basis. In fact, Plaintiff filed her Response in Opposition to Defendants' Motion to Compel Arbitration and Stay Proceedings Pending Mandatory Arbitration ("Opposition") on March 8, 2023, thus rendering her Motion to Stay moot. Alternatively, if the Court elects not to strike Plaintiff's Motion to Stay, Defendants respectfully request the Court decline to issue a stay in this proceeding.

## STATEMENT OF FACTS

Plaintiff filed her Complaint in the instant action on December 15, 2022, alleging violations of the Fair Labor Standards Act ("FLSA") on behalf of herself and other similarly situated employees of Defendants. Plaintiff served Defendants in person on January 25, 2023. Defendants timely filed a motion to compel ("Motion to Compel") arbitration on February 15, 2023, attaching as an exhibit the arbitration clause Plaintiff executed. The same day, shortly after the Motion to Compel was filed, Plaintiff's counsel contacted defense counsel and requested a copy of any arbitration clauses executed by twelve other opt-in plaintiffs, along with timekeeping and payroll records for Plaintiff and the opt-ins under the Ohio Constitution and Ohio Rev. Code § 4111.14. Defense counsel immediately requested copies of any arbitration clauses and the pay records for the twelve opt-ins from Defendants. On February 17 and 20, 2023, Plaintiff filed two additional opt-in consent forms and requested arbitration clauses for those two opt-ins from defense counsel. Again, defense counsel promptly requested copies of any arbitration clauses and the pay records for the two opt-ins from Defendants. Defendants are diligently working to produce the requested documents. On February 22, 2023—not even a week after Defendants filed the Motion to Compel—Plaintiff's counsel again demanded the arbitration clauses for Plaintiff and the opt-ins and added an additional request for "all onboarding materials." Plaintiff's counsel threatened to move for a stay if Defendants did not immediately produce such documents. Lead counsel and the Trial Attorney for Defendants was in all-day union negotiations on February 22 and 23, 2023, and maintained an out of office notification explaining the same. Without even giving Defendants a chance to respond, Plaintiff filed the Motion to Stay one day later, on February 23, 2023. Despite Plaintiff's Motion to Stay, Plaintiff filed a Response in Opposition to Defendants' Motion to Compel (the "Opposition") on March 8, 2023.

# ARGUMENT

Plaintiff's Motion to Stay should be struck as it is procedurally improper, moot, and otherwise has no legitimate basis. In the alternative, Plaintiff's Motion to Stay should be denied.

**A.  Plaintiff's Motion to Stay Should Be Struck as Procedurally Improper, Moot, and Inappropriate.**

**1.  The Motion to Stay is Procedurally Improper and Moot.**

Plaintiff's alleged purpose for her Motion to Stay is procedurally improper, and, as of Plaintiff's filing of her Opposition, moot. Courts "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Thus, when a party seeks a stay of proceedings in a case, that party bears the burden of proving "that it will suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay." *Int'l Bhd. of Elec. Workers, Local Union No. 2020 v. AT&T Network Sys.*, 879 F.2d 864, (6th Cir. 1989) (table opinion). A district court should consider whether the requested stay will "further the interest in economical use of judicial time and resources." *Id.* A stay is not to be granted simply to provide a party additional time to respond – the appropriate procedural vehicle for such a request is an extension of time. *See* Fed. R. Civ. P. 6(b). If Plaintiff needed additional time to respond to the Motion to Compel, she could have requested an extension from Defendants and/or this Court. Defendants would have readily agreed to such a request. However, Plaintiff did not do so. Instead, Plaintiff filed the Motion to Stay to argue the merits of Plaintiff's arbitration clause, then filed her Opposition, again arguing the same merits of the arbitration clause. Clearly, Plaintiff did not need more time to respond to the Motion to Compel and faces no undue prejudice absent a stay as she timely filed her Opposition.

3

Neither should a stay be granted so that a party may have an additional opportunity to argue her case. *See, e.g.*, *Barrington v. United Airlines*, 565 F. Supp. 3d 1213, 1217 (D. Colo. 2021) ("Motion to Stay is not the appropriate context to argue the merits of the Motion to Dismiss"); *Harkness v. Sec'y of the Navy*, 174 F. Supp. 3d 990, 996 (W.D. Tenn. 2016) (denying motion to stay which argued the merits and holding "[i]t is not appropriate for a party to submit multiple filings under different headings for the purpose of circumventing [ ] page limits on responses."). Here, Plaintiff spends most of her Motion to Stay arguing the merits of the Motion to Compel and then boldly admits she intends to respond again to the merits in a separate filing. *See* Motion to Stay at p. 6 ("Named Plaintiff still fully intends to substantively oppose the compelling of arbitration, but Named Plaintiff cannot meaningfully respond to the Motion to Compel until she has the opportunity to review her entire alleged arbitration agreement").

Plaintiff followed through with her intention and filed the Opposition, arguing additional theories as to why the arbitration clause is unenforceable. Indeed, Plaintiff specifically argues in her Opposition that many of the reasons Defendants allegedly fail to meet their burden to compel arbitration (which Defendants do not concede) are included in the Motion to Stay and asks the Court to incorporate "each of those arguments" into her Opposition without defining the "arguments" to be incorporated. Opposition at p. 6. Plaintiff should not be granted two opportunities to argue against the Motion to Compel.

Additionally, by filing two oppositions to the Motion to Compel with approximately 29 pages of memoranda, Plaintiff shirks her obligations under Local Rule 7.2, which requires that a memorandum exceeding 20 pages "include a combined table of contents and a succinct, clear, and accurate summary, not to exceed five pages, indicating the main sections of the memorandum and

the principal arguments and citations to primary authority made in each section, as well as the pages on which each section and any sub-sections may be found." L.R. 7.2(a)(3).

Not only is the Motion to Stay procedurally improper, but it is also now moot. Indeed, despite arguing in her Motion to Stay that she could not fully respond to the Motion to Compel absent a stay, Plaintiff filed the Opposition without any caveats. Plaintiff's Opposition moots the need for a stay for her to respond to the Motion to Compel. Thus, this Court should strike Plaintiff's Motion to Stay as procedurally improper and moot.

    **2.**    **The Motion to Stay Has No Legitimate Basis and is Absurd.**

Plaintiff's Motion to Stay has no legitimate basis except to provide Plaintiff an additional opportunity to argue against Defendants' Motion to Compel. Defendants are not required to notify Plaintiff before moving to compel arbitration or produce an arbitration agreement in advance. Indeed, Plaintiff never inquired about whether an arbitration clause existed prior to filing her lawsuit or the filing of Defendants' Motion to Compel. Regardless, Defendants have produced the arbitration clause Plaintiff agreed to as an exhibit to the Motion to Compel and have been diligently working to locate and produce the arbitration agreements for the other 14 opt-in plaintiffs, along with their timekeeping and payroll records. The Ohio Revised Code provides an employer 30 business days to respond to a request for timekeeping and payroll records. Ohio Rev. Code § 4111.14. As Plaintiff requested any arbitration agreements at the same time as the payroll and timekeeping records, a reasonable person could conclude that within 30 business days would be an appropriate and sufficient response time to produce all requested documents.

Yet Plaintiff filed this Motion to Stay barely more than a week after Defendants' Motion to Compel. It is disingenuous of Plaintiff to complain in her Motion to Stay that Defendants did not provide any notice of the Motion to Compel (which was not required), and then provide no

5

notice of her intent to file the Motion to Stay and to file it after becoming aware of Defendants' lead counsel's business engagement. Plaintiff only needed her own arbitration clause to respond to the Motion to Compel, which was attached as an exhibit. Her request for the arbitration clauses of other opt-ins is irrelevant. Plaintiff's counsel's conduct demonstrates an utter disregard for this Court's time and unprofessionalism toward defense counsel. The Motion to Stay is illegitimate and should be stricken.

**B.     Plaintiff's Motion to Stay Should be Denied if it is Not Stricken.**

Defendants maintain that Plaintiff's Motion to Stay should be stricken and not considered. However, even if this Court declines to strike the Motion to Stay, it should be denied. Plaintiff admits that courts consider several factors in evaluating whether to issue a stay, including "the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy." *Ferrell v. Wyeth Ayerst Labs., Inc.*, 2005 U.S. Dist. LEXIS 25358, at *7 (S.D. Ohio Oct. 24, 2005). Plaintiff must demonstrate that a stay is necessary or that it would benefit the parties and the Court, especially where the stay is opposed. *Id.* at *9. Here, as discussed above, there is simply no need for a stay – Plaintiff filed her Opposition on March 8, 2023. On the other hand, Defendants would be unduly prejudiced if Plaintiff is given additional opportunity to argue against the Motion to Compel and this Court would be unduly burdened by duplicative briefing more than it already has been by Plaintiff's filing.

### CONCLUSION

Arguing the same motion twice does not further the interests of judicial economy but rather works against it. Defendants would be unduly prejudiced if Plaintiff is permitted to argue her opposition to the Motion to Compel twice. Defendants respectfully request this Court to strike, or in the alternative, deny the Motion to Stay.

Respectfully submitted,

*/s/ Joseph N. Gross*
JOSEPH N. GROSS (0056241)
Trial Attorney
SHANNON HENRY (0097969)
MORENA L. CARTER (0088825)
**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, OH  44114-2378
(216) 363-4500 (Telephone)
(216) 363-4588 (Facsimile)
E-mail: jgross@beneschlaw.com
shenry@beneschlaw.com
mcarter@beneschlaw.com

*Attorneys for Defendants Northwood Healthcare Group, LLC and Garden Healthcare Group, LLC*

**CERTIFICATE OF SERVICE**

The foregoing was filed electronically on the 10th day of March, 2023, in accordance with the Court's Electronic Filing Guidelines. The Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*s/ Joseph N. Gross*
JOSEPH N. GROSS (0056241)
One of the Attorneys for Defendants
