**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DONNA GIFFORD**, on behalf of herself and others similarly situated, | : <br> : <br> : **CASE NO. 2:22-cv-4389** |
| Plaintiff, | : <br> : **JUDGE SARAH D. MORRISON** |
| v. | : <br> : **MAGISTRATE JUDGE CHELSEY M. VASCURA** |
| **NORTHWOOD HEALTHCARE GROUP, LLC**, *et al.*, | : <br> : |
| Defendants. | : |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION TO STAY BRIEFING ON DEFENDANT'S MOTION TO COMPEL**

On February 15, 2023, Defendants Northwood Healthcare Group, LLC ("Defendant Northwood") and Garden Healthcare Group, LLC ("Defendant Garden") (collectively "Defendants") filed their Motion to Compel Arbitration and Stay Proceedings Pending Mandatory Arbitration ("Motion to Compel"). (ECF No. 19.) Eight (8) days later, Named Plaintiff Donna Gifford ("Named Plaintiff") filed her Motion to Stay Briefing on Defendants' Motion to Compel requesting expedited briefing ("Motion to Stay"). (ECF No. 24.) On March 8, 2023, Named Plaintiff timely filed her Response in Opposition to Defendants' Motion to Compel ("Response") because it was her deadline for filing any response. (ECF No. 26.) Two (2) days after Named Plaintiff filed her Response, Defendants filed their Motion to Strike Plaintiff's Motion to Stay ("Motion to Strike"). (ECF No. 27.) Named Plaintiff opposes the Motion for the reasons stated below.

Defendants' Motion to Strike should be denied by the Court. It provides an erroneous view of the factual circumstances surrounding the recent motion practice in this case, mischaracterizes

the nature of Named Plaintiff's conduct, disregards the Court's standing orders regarding civility and respect to all parties and counsel, omits Named Plaintiff's counsel's professional and courteous communications, and ignores Named Plaintiff's reasonable request for the swift production of documents necessary to determine the legitimacy and applicability of her alleged arbitration clause.

For the reasons set forth herein, the Court should deny Defendants' Motion to Strike and instead require Defendants to produce the full and complete alleged arbitration agreement as well as all other onboarding materials.

I. **LAW & ARGUMENT**

Unfortunately, this Court has numerous filings pending before it, all of which pertain to Defendants' alleged arbitration agreement with Named Plaintiff. Defendants seek to add to the cavalcade of recent filings in this case with their Motion to Strike. Defendants' Motion to Strike presents an erroneous view of the facts that contravenes the Court's standing orders related to civility and disfavoring motions to strike. Defendants do not allege sufficient grounds for the Court to strike Named Plaintiff's Motion to Stay and they ignore its central request—the production of the complete arbitration clause, if any, for Named Plaintiff and the other plaintiffs who have joined this action with the accompanying onboarding materials. Defendants' Motion to Strike should be denied, and they should be ordered to produce the full and complete alleged arbitration agreements and onboarding materials so that the parties and the Court are able to meaningfully engage with the same without the need for further speculation.

    A. **Defendants' Motion to Strike Contains an Erroneous Presentation of the Facts Surrounding the Recent Motion Practice.**

Named Plaintiff filed her Complaint on December 15, 2022. (ECF No. 1.) Named Plaintiff initially sent the Complaint with copies of waivers of service of summons for both Defendants to

the registered agents for both Defendants. Defendants did not respond. On January 18, 2023, Named Plaintiff requested the issuance of summonses. (ECF No. 5.) Summonses were issued the next day. (ECF No. 7.) Thereafter, Named Plaintiff filed proofs of service showing that Defendant Northwood was served on January 25, 2023 and Defendant Garden was served on January 27, 2023. (ECF No. 17.)

Named Plaintiff received no communication at all from Defendants until February 15, 2023 when they filed their Motion to Compel. No more than sixteen (16) minutes after the filing of the Motion to Compel, Named Plaintiff's counsel sent an introductory email to both members of Defendants' counsel welcoming them to the case and requesting additional information relating to Defendants' proffered arbitration agreement. (First Email, sent Feb. 15, 2023, attached as **Exhibit A**.) Named Plaintiff's counsel simply noted that the alleged arbitration clause attached to Defendants' Motion to Compel appeared to be cut off and incomplete and thus requested a full and complete copy along with any arbitration clauses for the existing opt-in plaintiffs. (*Id.*) Named Plaintiff's counsel also requested payroll and timekeeping records for the opt-in plaintiffs in accordance with the Ohio Constitution. (*Id.*; *see* Ohio Const. § 34a.) Both requests are considered routine for wage and hour litigation and any litigation where an alleged arbitration agreement may apply. Defendants have never responded to this email—not to reject the request, acknowledge that they received the message, or otherwise indicate that they intended to gather and produce the requested materials.

On February 22, 2023, Named Plaintiff's counsel sent a follow-up email to both members of Defendants' counsel. (Second Email, sent Feb. 22, 2023, attached as **Exhibit B**.) Named Plaintiff's counsel reiterated that the alleged arbitration clause submitted with the Motion to Compel was incomplete, contained undefined terms, and was submitted without accompanying

onboarding materials. (*Id.*) Named Plaintiff's counsel again requested that the complete alleged arbitration clause be produced along with the onboarding materials necessary to fully understand the contents and context of the clause. (*Id.*) Named Plaintiff's counsel also stated that it was preparing to move the Court to stay briefing on the Motion to Compel if Defendants did not respond. (*Id.*) Defendants again never responded to this email.[1]

Named Plaintiff filed her Motion to Stay on February 23, 2023. (ECF No. 24.) The timing of the Motion to Stay followed several unanswered emails from Named Plaintiff to Defendants and was intended to provide ample time for the Court to review the motion, consider the request to stay briefing and the production of additional necessary materials, and consider the request for expedited briefing. Defendants did not communicate with Named Plaintiff regarding the Motion to Stay until they filed their Motion to Strike. (ECF No. 27.) The Motion to Stay was filed thirteen (13) days before Named Plaintiff's response to the Motion to Compel was due, and the Court only requires motions for extension of time to be filed four (4) business days before a deadline. *See* Judge Sarah D. Morrison, *Standing Order re: Filings and Decorum*, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO (Aug. 31, 2022) https://www.ohsd.uscourts.gov/sites/ohsd/files//8.31.22%20Standing%20OrdersMorrison.pdf.

---

[1] Contrary to Defendants' assertion that their "[l]ead counsel and the Trial Attorney . . . maintained an out of office notification" on February 22, 2023, (Mot. to Strike, ECF No. 27, at PAGEID # 159), none of the four (4) members of Named Plaintiff's counsel ever received such a notification. Additionally, counsel for Named Plaintiff directed its emails to **both** members of Defendants' counsel, not just the individual identified as trial attorney and lead counsel. Defendants were or should have been on notice of Named Plaintiff's request and intentions. If one of the two attorneys representing Defendants was unavailable, there was still another attorney available to indicate that the other attorney was out of the office, reject Named Plaintiff's request for information, acknowledge receipt of the message or indicate the Defendants needed more time to gather information, or otherwise respond in any meaningful way. However, Defendants' counsel elected not to respond to either the First Email or Second Email.

On February 28, 2023, Defendants filed a Notice of Appearance for Attorney Morena Louise Carter. (ECF No. 25.) As a professional courtesy and in good faith, Named Plaintiff's counsel forwarded the previous emails to Attorney Carter (at the email address listed on PACER) and Defendants' other two attorneys, once again noting that (1) there had been no communication from Defendants or their counsel since the start of the litigation and (2) no documents had been produced for any of the plaintiffs. (Third Email, sent Feb. 28, 2023, attached as **Exhibit C**.) Named Plaintiff's counsel received an automatic bounce-back email from Attorney Carter's email address and realized that the email address on file with PACER was from her previous employer (i.e., the email address contained a domain name from a different law firm). (Auto Response Email, received Feb. 28, 2023, attached as **Exhibit D**.) As another professional courtesy, Named Plaintiff's counsel forwarded the previous emails to Attorney Carter's updated email address and thoughtfully suggested that she update her PACER account to reflect her new contact information so that she would receive notice of filings.[2] (Fourth Email, sent Feb. 28, 2023, attached as **Exhibit E**.) As with the First Email and Second Email, Defendants never responded to either the Third Email or Fourth Email, both of which were sent on February 28, 2023.

Despite receiving four (4) separate invitations to communicate and discuss the issues in this case as well as the path forward, Defendants have still not directly contacted Named Plaintiff. The only communications from Defendants in this case thus far have been through their two substantive filings through this Court, resulting in the morass of pending motions that the case finds itself with today.

---

[2] In the ECF notice following Attorney Morena's Notice of Appearance, her email address is updated from mlcarter@littler.com to mcarter@beneschlaw.com. (*Compare* CM/ECF Notice for ECF No. 26, *with* CM/ECF Notice for ECF No. 27.)

**B.      Defendants' Motion to Strike Ignores Named Plaintiff's Central Request for the Production of a Complete Alleged Arbitration Agreement.**

In addition to providing an erroneous record of the facts, Defendants' Motion to Strike ignores Named Plaintiff's main request underpinning this entire round of briefing: the production of a complete copy of the alleged arbitration agreement (and other onboarding materials). As it stands, the sole version of the alleged arbitration agreement that both Named Plaintiff and the Court have access to is a brief clause that (1) is cut off on the left-hand side, rendering many words illegible; (2) contains terms that are, ostensibly, defined elsewhere;[3] and (3) requires the production of accompanying onboarding materials for full comprehension.

Defendants have refused to communicate at all with Named Plaintiff regarding this production and stated in their Motion to Strike that the (incomplete and undefined) alleged arbitration clause previously submitted should suffice, neglecting the numerous arguments that Named Plaintiff made to establish why she could not meaningfully respond at present. (Mot. to Strike, ECF No. 27, at PAGEID # 163) ("Plaintiff only needed her own arbitration clause to respond to the Motion to Compel, which was attached as an exhibit. Her request for the arbitration clauses of other opt-ins is irrelevant.") In order to fully evaluate whether Named Plaintiff's alleged arbitration clause is valid and enforceable as to Defendants, the Court should deny Defendants' Motion to Strike and order Defendants to produce the complete alleged arbitration agreement and other onboarding materials.

Named Plaintiff's Motion to Stay requested that briefing on Defendants' Motion to Compel be stayed until they had produced the requested documents. (Mot. to Stay, ECF No. 24, at PAGEID # 110.) Concerning the briefing element, Named Plaintiff agrees that the filing of her Response in

---

[3] E.g., Defendants' proffered agreement fails to define essential terms such as "Employer" and "Employee" as well the scope of the alleged agreement within its four corners.

Page **6** of **12**

Opposition to the Motion to Compel renders her request to stay briefing moot.[4] Obviously, parties cannot assume that the mere filing of motions to stay, motions for extensions, or motions for extending deadlines are granted simply because they are filed. While Named Plaintiff intended for her Motion to Stay to be resolved *prior* to the deadline for her to respond to Defendants' Motion to Compel—which is why she requested expedited briefing—she was fully prepared to comply with the Court's expectations to respond by the March 8, 2023 deadline if such resolution did not occur.[5] Indeed, Named Plaintiff waited until the very last day to file her timely Response to the Motion to Compel, remaining cognizant of her duty to not treat her request for a stay as prematurely granted.

Defendants' various motions to date continually ignore Named Plaintiff's central request: to provide the documents needed to determine if the alleged arbitration clause is valid and enforceable. In the interests of deciding this important issue, the Court should deny Defendants' Motion to Strike and order Defendants to produce a full and complete copy of the alleged arbitration agreement and any other onboarding materials.

---

[4] Named Plaintiff is not stating that the entirety of her Motion to Stay is now moot, such as her request for the Court to order Defendants to produce the full alleged arbitration agreement and onboarding materials, but rather that her request to **stay briefing** on the Motion to Compel is moot given that Named Plaintiff had to comply with meeting her deadline for filing her response to the Motion to Compel.

[5] Defendants also contend that Named Plaintiff violated Local Rule 7.2 by "filing two oppositions to the Motion to Compel with approximately 29 pages of memoranda." (Mot. to Strike, ECF No. 27, at PAGEID # 161.) Named Plaintiff disputes that her Motion to Stay and Response in Opposition to Defendants' Motion to Compel should be considered in the aggregate. Rather, Named Plaintiff filed the Motion to Stay seeking the Court to grant relief in the form of a stay of briefing (which request is admittedly moot as of March 8, 2023) and an order requiring Defendants to produce certain information (i.e., the complete arbitration clause and other onboarding materials for Named Plaintiff and all other plaintiffs who have joined this action). Named Plaintiff's Response in Opposition to Defendant's Motion to Compel was not a mechanism for her to reargue her prior Motion to Stay; rather, it stands on its own merits and simply referenced Named Plaintiff's earlier Motion to demonstrate that she sought the production of documents relating to the arbitration that Defendants moved to compel.

### C. Defendant's Motion to Strike Disregards the Court's Standing Orders Regarding Civility and Respect to All Parties.

This Court's standing orders read in part, "The Court will not tolerate rudeness or bullying toward opposing counsel or litigants . . . and briefs and memoranda shall not contain *ad hominem* attacks." Judge Sarah D. Morrison, *Standing Order re: Filings and Decorum*, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO (Aug. 31, 2022) https://www.ohsd.uscourts.gov/sites/ohsd/files//8.31.22%20Standing%20OrdersMorrison.pdf.[6] (emphasis in original). Defendants' Motion to Strike repeatedly castigates Named Plaintiff as "absurd" and "disingenuous" while asserting that Named Plaintiff's counsel has "demonstrate[ed] an utter disregard for this Court's time and unprofessionalism towards defense counsel." (Mot. to Strike, ECF No. 27, at PAGEID # 162–63.). These aspersions are not only plainly false based on the actual content of Named Plaintiff's counsel's communications but are also directly violative of the Court's Standing Orders. Defendants' allegation that Named Plaintiff's Motion to Stay "has no legitimate basis" further serves to mischaracterize Named Plaintiff. (*Id.*) As Named Plaintiff explained in her Motion to Stay, she requested the stay and an order compelling production because (1) of her established need to stay briefings and for the aforementioned documents; (2) an order granting the same would neither unduly prejudice nor burden Defendants and furthers the public interest in candor and accuracy of filings; (3) Named Plaintiff would be prejudiced absent a stay and order compelling production; and (4) granting the same would have promoted judicial economy. (*See* Mot. to Stay, ECF No. 24.)

---

[6] *See also* Judge Sarah D. Morrison, *Standing Order re: Dos and Don'ts*, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO (Aug. 31, 2022) https://www.ohsd.uscourts.gov/sites/ohsd/files//8.31.22%20Standing%20OrdersMorrison.pdf ("Do treat opposing counsel with courtesy and respect[] . . . . Do make professional courtesy and professional integrity the hallmarks of your advocacy[] . . . . Zealous advocacy does not include rude, abrasive, hostile, or patronizing behavior.").

Further, Defendants' Motion to Strike is rife with personal attacks regarding Named Plaintiff, Named Plaintiff's counsel, and their motivations. (Mot. to Strike, ECF No. 27.) Defendants first misconstrue Named Plaintiff's Motion to Stay as a camouflaged Motion for an Extension of Time. (*Id.* at PAGEID # 160.) But the singular aim of Named Plaintiff's Motion to Stay was not, as Defendants state, to garner additional time to respond to the Motion to Compel. Defendants' attempt to attribute an alternative, dilatory intent to Named Plaintiff's Motion to Stay severely misses the mark. Indeed, if Named Plaintiff merely desired an extension without any other action by the court, she could certainly have so moved nine (9) business days before the deadline to respond. By only moving for an extension, Named Plaintiff would have had a lower burden than a request to stay and would not have needed to provide the same level of analysis as was included in her Motion to Stay. Moreover, Named Plaintiff timely responded to Defendants' Motion to Compel because her request to stay was not resolved in time. Named Plaintiff filed her Motion to Stay in order to facilitate the production of information and documents *that she needed to understand the alleged arbitration clause*. These requested documents are necessary to properly assess Defendants' alleged right to compel arbitration. To be sure, as stated in Named Plaintiff's many emails to Defendants and in her filings, the alleged arbitration clause (1) is cut off on the left-hand side; (2) contains terms that are, ostensibly, defined elsewhere; and (3) requires the production of accompanying onboarding materials for full comprehension. Had Defendants' counsel responded to *any* of Named Plaintiff's invitations to communicate, the issues before the Court could have been resolved or narrowed. Indeed, Named Plaintiff's counsel took necessary steps to first request the documents and information from Defendants before seeking the Court's involvement. Had Defendants engaged in *any* sort of dialogue at any point with Named Plaintiff

regarding her alleged arbitration clause, there may not have been a need to file a Motion to Compel (nor any of these various consequent filings) at all.

The bulk of Defendants' Motion to Strike is spent mischaracterizing Named Plaintiff's arguments as "absurd" and "disingenuous" with "no legitimate basis" while suggesting that her counsel is "unprofessional." (Mot. to Strike, ECF No. 27, at PAGEID # 162–63.) Named Plaintiff agrees that Defendants are not required by law to notify her before moving to compel arbitration. Nonetheless, it should certainly be incumbent upon attorneys to discuss potentially dispositive issues (such as arbitration) prior to invoking the Court's time and resources in deciding the matter. In the undersigned's experience, defense counsel has frequently reached out in similar matters—prior to the filing of any motions—for introductions and discussions about the case as well as next steps moving forward. Moreover, defense counsel has also generally responded to emails rather than ignore such invitations for information and discussion. Altogether, these communications are mutually beneficial and respectful of judicial efficiency.

Contrary to Defendants' assertions to the contrary, Named Plaintiff's counsel notified Defendants that she intended to file a Motion to Stay in her Second Email. (*Cf.* Mot. To Strike, ECF No. 27, at PAGEID # 162–63; *with* Second Email.). As explained above, Named Plaintiff's counsel never received an out-of-office notification from Defendants' lead counsel (Attorney Joseph Gross) on February 22, 2023. Regardless of whether Defendants' lead counsel properly set up the out-of-office notification, this issue is immaterial because Named Plaintiff's counsel also sent the same email to Defendants' other member of counsel at the time, Attorney Shannon Henry. Defendants have offered no explanation as to why Attorney Henry was unable to respond to Named Plaintiff or why her receipt of that email should not constitute notice of Named Plaintiff's intent to file her Motion to Stay. In addition, both members of Defendants' counsel still failed to

respond to Named Plaintiffs' First Email sent on February 15, 2023. Furthermore, as Defendants acknowledge with respect to providing notice before seeking to compel, Named Plaintiff did not have any duty to inform Defendants of her intent to request a stay before doing so (even though Named Plaintiff did, in fact, provide such notice). Defendants' accusations that Named Plaintiff's counsel has been acting without regard for the Court's time in an unprofessional manner are completely divorced from the facts, violative of the Court's standing orders regarding civility, and overtly disrespectful. Named Plaintiff's actions demonstrate that her primary interest and intent was to avoid wasting the Court's time and resources.

## II.     CONCLUSION

Defendants' Motion to Strike casts a woefully inaccurate light as to the factual circumstances surrounding the three (3) pending motions, disregards the Court's standing orders regarding civility and respect to all parties, and ignores Named Plaintiff's reasonable request for the swift production of documents necessary to determine the legitimacy and applicability of her alleged arbitration clause. For these reasons, Named Plaintiff respectfully requests that the Court deny Defendants' Motion to Strike Named Plaintiff's Motion to Stay.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)
Tristan T. Akers (0102298)
1550 Old Henderson Road
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
           agedling@mcoffmanlegal.com

                                      khendren@mcoffmanlegal.com
                                      takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## CERTIFICATE OF SERVICE

       I hereby certify that on this 15th day of March 2023, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      */s/ Matthew J.P. Coffman*
                                      Matthew J.P. Coffman