UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONNA GIFFORD,

      Plaintiff,      :

  v.                                  Case No. 2:22-cv-4389
                                      Judge Sarah D. Morrison
                                      Magistrate Judge Chelsey M.
NORTHWOOD HEALTHCARE          Vascura
GROUP, LLC, *et al.*,                :

      Defendants.

**OPINION AND ORDER**

    Plaintiff Donna Gifford filed this action against Defendants Northwood Healthcare Group, LLC and Garden Healthcare Group, LLC, for alleged violations of the Fair Labor Standards Act and Ohio's wage and hour laws. (ECF No. 1.) The matter is now before the Court on Defendants' Motion to Compel Arbitration and Stay Proceedings Pending Mandatory Arbitration. (ECF No. 19.)

    Motions to compel arbitration are authorized by the Federal Arbitration Act, which provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition" a court for an order compelling arbitration. 9 U.S.C. § 4. "[U]pon being satisfied that the issue involved in such suit or proceeding is referable to arbitration," the reviewing court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C.

§ 3. Courts within the Sixth Circuit have four "tasks" when addressing a motion to compel arbitration:

> first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

Here, it is entirely unclear whether the parties to this action agreed to arbitrate. As such, the Court cannot proceed beyond the first task.

Defendants produced the following "Arbitration Clause," which Ms. Gifford purportedly signed on March 2, 2022:

> **Arbitration Clause**
>
> w controversies or claims arising out of or relating to employee's employment, including without on disputes under Title VII, of the ARDA, the ADA and other State or Federal Discrimination or ment Laws, shall be settled by arbitration in Ohio, in accordance with the employment dispute rules then of the American Arbitration Association, and judgement upon the award rendered may be entered in any ving jurisdiction thereof. The parties shall be free to pursue any remedy before the Arbitrator and that they otherwise permitted to pursue in a court of competent jurisdiction. The award of the Arbitrator shall be binding. The costs of Arbitration shall be borne equally by Employer and Employee.
>
> Donna Gifford     [Signature]
> ne                Signature
>                   3/2/22
>                   Date

(ECF No. 19-1, PAGEID # 99.) The Arbitration Clause contains several apparent imperfections. Among them, it is not counter-signed and does not identify the

2

"Employer." Defendants represent that Ms. Gifford knew, from "other onboarding materials," that her employer was "Whispering Hills Care Center and Capital City Gardens Rehabilitation and Nursing Center." (*Id.*; *see also* ECF No. 30-1, ¶ 3.) They further represent that Defendants "provide consulting services" to Whispering Hills and Capital City Gardens, but that Ms. Gifford "has not worked for and is not employed by" either Defendant.[1] (ECF No. 30-1, ¶¶ 2–3.)

Ms. Gifford argues that Defendants are not authorized to enforce an arbitration agreement to which they are not a party. (ECF No. 26, PAGEID # 135–36 (citing *Geo Vantage of Ohio, LLC v. GeoVantage, Inc.*, No. 2:05-cv-1145, 2006 WL 2583379, at *12 (S.D. Ohio Sept. 6, 2006) (Sargus, J.)).) While Ms. Gifford's argument is not incorrect, it is incomplete. Three years after *Geo Vantage* was decided, the Supreme Court held that "a litigant who was not a party to the relevant arbitration agreement may invoke § 3 if the relevant state contract law allows him to enforce the agreement." *Arthur Andersen LLP v. Carlisle*, 556 US 624, 632 (2009). Defendants offer no argument or evidence supporting the notion that state contract law would allow them, as 'consultants,' to enforce their clients' Arbitration Clause. (*See* ECF No. 30.)

---

[1] Defendants' Motion includes the Declaration of Jessica Butt, Vice President of Operations for Northwood Healthcare Group, LLC and Garden Healthcare Group, LLC. (ECF No. 19-1.) Therein, Ms. Butt declares under penalty of perjury that "Donna Gifford worked for Northwood and Garden" from 2019 to 2022. (*Id.*, ¶ 3.) In the declaration attached to Defendants' Reply, however, Ms. Butt declares under penalty of perjury that "Ms. Gifford has not worked for and is not employed by Northwood or Garden." (ECF No. 30-1, ¶ 3.) Neither Defendants nor their counsel acknowledge (let alone, explain) the clear discrepancy between these two, very consequential statements.

As such, the Motion to Compel Arbitration (ECF No. 19) is **DENIED**. However, in view of this Court's obligation to "rigorously enforce agreements to arbitrate," *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985), the Motion is denied without prejudice to refiling with proper support.

Ms. Gifford's motion to stay briefing (ECF No. 24) is **DENIED**. To the extent the motion seeks to stay the briefing schedule, it is moot, and, to the extent it seeks to compel production of discoverable material, it is premature. Finally, Defendants' motion to strike (ECF No. 27) is also **DENIED as moot**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**