UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONNA GIFFORD,

        Plaintiff,       :

  v.                                Case No. 2:22-cv-4389
                                   Judge Sarah D. Morrison
                                   Magistrate Judge Chelsey M.
NORTHWOOD HEALTHCARE      Vascura
GROUP, LLC, *et al.*,           :

        Defendants.

## OPINION AND ORDER

Donna Gifford filed this action against Northwood Healthcare Group, LLC and Garden Healthcare Group, LLC for alleged violations of the Fair Labor Standards Act ("FLSA") and Ohio's wage and hour laws. (ECF No. 1.) There are several motions pending before the Court, including Defendants' Motion to Dismiss (ECF No. 41) and Ms. Gifford's Motion for Court-Authorized Notice to Potential Opt-In Plaintiffs (ECF No. 29). Both are fully briefed and ripe for consideration. For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED**. Ms. Gifford's Motion for Court-Authorized Notice is **GRANTED** to the extent that she has demonstrated a strong likelihood that she is similarly situated to the Potential Plaintiffs. Nonetheless, the proposed Notice, Consent to Join, and distribution plan are **NOT APPROVED**; Ms. Gifford is **ORDERED** to move for approval of a revised Notice, Consent to Join, and distribution plan **within seven days**.

I.  BACKGROUND

Ms. Gifford worked as a Licensed Practical Nurse at Defendants' Whispering Hills Care Center location from 2019–2021 and Capital City Gardens Rehabilitation and Nursing Center location during 2022. (Compl., ECF No. 1, ¶ 5; Butt Decl., ECF No. 19-1, ¶ 3; Gifford Decl., ECF No. 29-2, ¶¶ 3–4.) Ms. Gifford alleges that, throughout her employment, Defendants applied a 30-minute meal break deduction to her daily compensable hours worked even though she was "often unable to take a full uninterrupted bona fide meal break[.]" (Compl., ¶¶ 30–31; Gifford Decl., ¶¶ 7–10.)

On December 15, 2022, Ms. Gifford filed a Complaint against Defendants alleging that their meal break deduction practice violated federal and state law. (Compl., ¶¶ 28–36.) The Complaint asserts four claims: Count One for failure to pay overtime compensation under the FLSA (29 U.S.C. § 207(a)(1)); Count Two for failure to pay overtime compensation under the Ohio Minimum Fair Wage Standards Act ("OMFWSA") (Ohio Rev. Code § 4111.03); Count Three for failure to timely pay wages under the Ohio Prompt Pay Act ("OPPA") (Ohio Rev. Code § 4113.15); and Count Four for failure to keep accurate payroll records under the OMFWSA (Ohio Rev. Code § 4111.08). (Compl., ¶¶ 66–97.)

Ms. Gifford brings these claims on behalf of herself and "all other similarly situated employees" of Defendants. (*Id.*, ¶¶ 48, 53.) *See also* 29 U.S.C. § 216(b), Fed. R. Civ. P. 23. Since filing her Complaint, more than fifteen others have consented to join the action as party plaintiffs. (*See* ECF Nos. 2, 3, 4, 6, 8, 9, 10, 11, 18, 22, 23, 34, 35, 37, 38, and 62.) On March 15, 2023, Ms. Gifford filed a motion seek Court

approval to send notice of this action to other potential opt-in plaintiffs. (ECF No. 29.) In support of the Motion, Ms. Gifford attached seven sworn declarations (her own and six opt-in plaintiffs') describing Defendants' deduction of 30-minutes from the declarant's hours worked, even when the declarant was unable to take a meal break due to substantive work demands. (ECF Nos. 29-2–29-8.) Ms. Gifford also attached employee handbooks from Defendants' Whispering Hills and Legends Care locations. (ECF Nos. 29-2, 29-4.) Defendants provided employee handbooks from four other locations. (ECF Nos. 59-2, 59-4–59-6.) Each employee handbook contains a nearly identical "Meals and Breaks" policy, which provides that "[e]mployees who work through their meal break will be paid for their time, regardless whether such work was authorized or not." (ECF No. 29-2, PAGEID # 240.)

The Court will address the pending motions in turn.

## II. MOTION TO DISMISS

First, Defendants move to dismiss Ms. Gifford's Complaint for failure to state a claim. (ECF No. 41.) Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff

3

> pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

The FLSA requires employers to pay overtime compensation for work in excess of forty hours in a workweek.[1] 29 U.S.C. § 207(a)(1). An "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id.* § 203(d). The term is rooted in the act of "employ[ing]," which the FLSA defines as "to suffer or permit to work." *Id.* § 203(g). Courts interpret these provisions broadly, in view of the statute's remedial purpose. *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991). Defendants assert that Ms. Gifford fails to state a claim because "she offers no facts that Defendants employed her or

---

[1] The OMFWSA has the same requirements as, and incorporates the procedures and standards contained in, the FLSA. Ohio Rev. Code § 4111.03(A). Counts One, Two, and Four can thus be examined together. *See Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 385 n.1 (6th Cir. 2016). Because Count Three rests on the same alleged denial of overtime compensation, it "rises and falls" with the other claims. *Id.*

4

any direct care workers." (ECF No. 41, PAGEID # 433 (emphasis omitted).) The Court disagrees. Ms. Gifford alleges that she

> worked as an hourly, non-exempt "employee" of Defendants . . . primarily in the position of Licensed Practical Nurse ("LPN") at their Capital City Garden Rehabilitation and Nursing Center location from approximately 2018 to 2021 and at their Whispering Hills Care center location from approximately April 2022 to November 2022.

(Compl., ¶ 5.) That is enough. *See Hutt v. Greenix Pest Control, LLC*, No. 2:20-cv-1108, 2020 WL 6892013, at *3 (S.D. Ohio Nov. 24 2020) (Morrison, J.) (describing similar allegations as "straightforward and sufficient"). Defendants argue otherwise because Ms. Gifford does not allege facts going the "economic realities" test. (ECF No. 41, PAGEID # 433 (citing *Dole*, 42 F.2d at 965).) But, as this Court has explained, she was under no obligation to do so. *See Walsh v. Americare Healthcare Servs., Inc.,* No. 2:21-cv-5076, 2023 WL 2544509, at *2 (S.D. Ohio Mar. 16, 2023) (Sargus, J.) (dismissing defendant's invocation of the economic realities test because "no fact intensive inquiry" takes place at the pleadings stage); *Solis v. Capital Grille Holdings., Inc.*, No. 1:17-cv-00798, 2020 WL 7698167, at *6 (S.D. Ohio Dec. 28, 2020) (Barrett, J.) (explaining that plaintiffs are not required to allege the "economic reality" factors, which are typically used at summary judgment to distinguish between employees and independent contractors). Defendants' Motion to Dismiss is **DENIED**.

5

### III. MOTION FOR COURT-AUTHORIZED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS

#### A. Legal Standard

Next, Ms. Gifford seeks the Court's approval to send notice of this action to other potential opt-in plaintiffs. (ECF No. 29.) The FLSA mandates that employers pay a federal minimum wage and overtime to certain types of employees. 29 U.S.C. §§ 206(a), 207(a). Employees can sue for alleged violations of those mandates on "behalf of . . . themselves and other employees similarly situated." *Id*. § 216(b). But "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*. Although the FLSA authorizes employees to proceed collectively, it does not prescribe all the procedures for doing so. Thus, courts must exercise discretion in implementing procedures for collective litigation. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

"[O]nce [a collective] action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id*. at 170–71. A district court must first determine whether notice of the action should be sent to potential opt-in plaintiffs.[2] *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023). "To the

---

[2] The Sixth Circuit has rejected use of the term "certification" in FLSA collective actions. *Clark*, 68 F.4th at 1009 (quoting *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 402 (6th Cir. 2021)). The Court thus construes Ms. Gifford's Motion for Conditional Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs (ECF No. 29) as simply a Motion for Court-Authorized Notice to Potential Opt-In Plaintiffs.

6

extent practicable . . . , court-approved notice of the suit should be sent only to employees who are in fact similarly situated" to the named plaintiff. *Id.* at 1010. To achieve that goal, courts require plaintiffs to "show a 'strong likelihood' that [the employees who receive notice of the suit] are similarly situated to the plaintiffs themselves." *Id.* at 1011.

<u>Similarly Situated</u>. Plaintiffs are similarly situated when their claims are "unified by common theories of defendants' statutory violations," such as "a single, FLSA-violating policy[.]" *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). A named plaintiff must show that her position is similar to that of opt-ins, but they need not be identical. *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (Marbley, J.) (citation omitted). Said differently, similarly situated opt-ins "are those whose causes of action accrued in approximately the same manner as those of the named plaintiff." *Id.* Multiple factors guide the Court's determination, including: whether opt-in plaintiffs "performed the same tasks and were subject to the same policies . . . as the [named] plaintiffs," *Clark*, at 1010 (citing *Pierce v. Wyndham Resorts, Inc.*, 922 F.3d 741, 745–46 (6th Cir. 2019); whether plaintiffs are subject to individualized defenses, *Monroe v. FTS USA, LLC*, 860 F.3d 389, 404 (6th Cir. 2017); whether the named plaintiff submits affidavits from opt-in plaintiffs, *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015); and whether there is evidence of a "widespread" plan by the defendant, *id.* No single factor is determinative. Instead,

7

the court endeavors to ensure that "collective litigation would yield 'efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.'" *Clark*, at 1012 (quoting *Hoffmann-La Roche*, 493 U.S. at 170).

Strong Likelihood. The Sixth Circuit instructs that the "strong likelihood" standard is akin to the well-known preliminary injunction test, which requires that the "movant demonstrate to a certain degree of probability that she will prevail on the underlying issue when the court renders its final decision." *Id*. A plaintiff shows a strong likelihood of success when her evidence raises questions "so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Stryker Emp. Co., LLC v. Abbas*, 60 F.4th 372, 385 (6th Cir. 2023) (defining "strong likelihood of success on the merits" in the preliminary injunction context) (quotation and citation omitted). A strong likelihood of success is "greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Clark*, at 1011.

**B.  Ms. Gifford has demonstrated a strong likelihood that she is similarly situated to the Potential Plaintiffs.**

Ms. Gifford seeks the Court's permission to send notice of this suit to the following group of "Potential Plaintiffs":

> All current and former hourly, non-exempt direct care employees of Defendants who had a meal break deduction applied to their hours worked in any workweek where they were paid for at least forty (40) hours of work, beginning three (3) years prior to the filing date of this Motion and continuing through the final disposition of this case.

8

(ECF No. 29, PAGEID # 205.) She argues that the declarations and employee handbooks submitted with her Motion demonstrate a strong likelihood that she and the Potential Plaintiffs are similarly situated. The Court agrees. Ms. Gifford has declared under penalty of perjury that: (i) Defendants routinely deducted a 30-minute meal break from her hours-worked, even when patient care responsibilities interrupted her meal break or she was not able to stop for a meal break, resulting in unpaid overtime wages; and (ii) Defendants continued this practice even after she "complained to management." (Gifford Decl., ¶¶ 7–10, 13.) Six others have declared the same. (ECF Nos. 29-3–29-8.) Between them, the declarants held direct patient care positions at six of Defendants' facilities across Central, Southwest, Southeast, and Northeast Ohio. (ECF Nos. 29-2–29-8.) All six facilities have virtually identical employee handbooks, with virtually identical written policies on overtime compensation and meal breaks. (ECF Nos. 29-2, 29-4; ECF Nos. 59-1–59-6.) Together, the evidence establishes to a certain degree of probability that Ms. Gifford, the current opt-ins, and the Potential Plaintiffs performed the same tasks, were subject to the same policies, and are unified by a common theory underlying their causes of action. Ms. Gifford has met her burden to show a strong likelihood that she is similarly situated to the Potential Plaintiffs. *See Teran v. Lawn Enforcement, Inc.*, No. 2:22-cv-02338-JTF-tmp, 2023 WL 4948009, at *3 (W.D. Tenn. Aug. 1, 2023) (finding that allegations detailing eight plaintiffs' experiences and a sworn declaration from one plaintiff who, as a former manager, had direct knowledge of defendant's pay practices established a strong likelihood that

9

plaintiffs and potential opt-ins were similarly situated); *cf. Foley v. Wildcat Invs., LLC*, No. 2:21-cv-5234, 2023 WL 4485571, at *3 (S.D. Ohio July 12, 2023) (Morrison, J.) (finding that named plaintiff's sworn declaration did not show a strong likelihood that he was similarly situated in part because he demonstrated no direct knowledge of other employees' experience).

Defendants offer several arguments that Ms. Gifford has not met her burden. Namely, Defendants argue (i) that the evidence does not demonstrate a strong likelihood that Northwood and Garden are joint employers or a single integrated enterprise; (ii) that the evidence does not demonstrate a strong likelihood that "an unlawful 'companywide' policy exists;" and (iii) that the policy in place for automatic meal break deductions is permissible under the FLSA. (ECF No. 68.) The arguments are unavailing.

*Enterprise coverage*. Defendants first argue that there is no evidence they should be treated as a joint employer or enterprise. The Court disagrees. The record evidence establishes a strong likelihood that Northwood and Garden constitute a single enterprise under 29 U.S.C. § 203(s). The two entities share a Chief Operating Officer (*see* ECF No. 19-1), and six of their fourteen facilities operate with nearly identical employee handbooks (*see* ECF Nos. 59-1–59-6). What's more, Northwood and Garden initially admitted to employing Ms. Gifford in a sworn declaration by their shared Chief Operating Officer (ECF No. 19-1)—though took the opposite position in a later-filed, also sworn, declaration without any explanation of the discrepency (ECF No. 30-1).

10

*Companywide policy*. Defendants next argue that Ms. Gifford failed to identify a "companywide" policy. Again, the Court disagrees. She has alleged a unified theory of violating conduct on the part of Defendants. She does not need to show that an FLSA-violating policy was committed to writing to establish that she is similarly situated to the Potential Plaintiffs. *Abner v. Convergys Corp.*, No. 1:18-cv-442, 2019 WL 1573201, at *6 (S.D. Ohio Apr. 11, 2019) (Black, J.).

*Permissible written policy*. Finally, Defendants argue that Ms. Gifford fails to demonstrate a strong likelihood that she is similarly situated to the opt-ins and other Potential Plaintiffs because the meal break policy in the proffered employee handbooks is a permissible arrangement under the FLSA. But Defendants' formal written policy on meal break deductions does not prevent such a finding. *Fisher v. Mich. Bell Tel. Co.*, 665 F. Supp. 2d 819, 827 (E.D. Mich. 2009) (collecting cases).

### C. The proposed Notice and Consent to Join must be resubmitted with certain changes.

Ms. Gifford has provided a proposed Notice to Potential Plaintiffs. (ECF No. 29-1.) Court-authorized notice of a collective action under the FLSA must be "timely, accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 172. The proposed Notice contains basic information about the lawsuit, who may opt-in, and the timing and manner in which to do so. Ms. Gifford has also provided a proposed Consent to Join form. (ECF No. 29-1.) The Consent states that the signatory consents to be a party plaintiff in this action and agrees to be represented by the law firm of Coffman Legal, LLC. Finally, Ms. Gifford proposes distributing the Notice by text message and either U.S. mail or e-mail.

11

Defendants assert four objections to the proposed Notice, Consent, and distribution plan. The Court addresses each below.

### 1. Potential Plaintiffs must respond within forty-five days.

The proposed Notice and Consent currently state that Potential Plaintiffs must respond within ninety days. Defendants argue that the response window should be shortened to forty-five days. The Court agrees. A forty-five-day deadline is sufficient and reasonable. *See Snelling v. ATC Healthcare Servs., Inc.*, No. 2:11-CV-00983, 2013 WL 1386026, at *6 n.3 (S.D. Ohio Apr. 4, 2013) (Sargus, J.) (finding that a forty-five-day response period "will allow potential plaintiffs to consider whether to join this action, while also promoting judicial efficiency").

### 2. The Notice and Consent must advise Potential Plaintiffs of their right to proceed with counsel of their choosing.

Defendants next argue that the Notice and Consent forms should advise Potential Plaintiffs of their right to join this action with counsel of their choosing. Again, the Court agrees. As the Sixth Circuit recently explained, "opt-in plaintiffs in an FLSA collective have the right to select counsel of their own choosing." *Canaday*, 9 F.4th at 403 (internal quotation and citation omitted) (cleaned up). Informing Potential Plaintiffs of their right to select their own counsel is not only "an appropriate element" of a notice, but failure to inform Potential Plaintiffs of that right risks seriously eroding it. *Heaps v. Safelite Sols., LLC*, No. 2:10 CV 729, 2011 WL 1325207, at *8–9 (S.D. Ohio Apr. 1, 2011) (Frost, J.) (collecting cases).

12

### 3. The Notice and Consent need not warn Potential Plaintiffs that they could be responsible for costs.

Defendants also argue that the Notice and Consent forms should warn Potential Plaintiffs that they could be responsible for Defendants' costs in the suit. This Court has previously found, despite the "slight" chance that a Potential Plaintiff could be liable for such costs, notifying them of that "remote possibility" in the Notice "may unfairly chill" opt-in participation in the suit. *Headspeth v. TPUSA, Inc.*, No. 2:19-cv-2062, 2020 WL 4577491, at *1 (S.D. Ohio July 23, 2020) (Morrison, J.) (quotation omitted). The objection is overruled.

### 4. Notice may be sent via text message only if U.S. mail and e-mail is insufficient as to a particular Potential Plaintiff.

Finally, Defendants object to Ms. Gifford's proposed plan for distributing the Notice and Consent, arguing that distribution by U.S. mail alone is sufficient. Ms. Gifford proposes sending the Notice and Consent

> by first class mail and email, and to the extent that less than two methods of contact have been provided by Defendant for the [Potential Plaintiff], the Court should allow the notice to be set by (1) text message and (2) first class mail or email, whichever is available, so as to remain consistent with the tradition of notice by two methods.

(ECF No. 29, PAGEID # 221.)

The trend in this district "is to allow notice by mail and email to ensure that putative class members receive notice of the pending action." *Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 899–900 (S.D. Ohio 2018) (Sargus, J.). The Court sees no reason to deviate from that trend. Ms. Gifford may send the Notice by text message *if and only if* she can show that delivery by U.S. mail and e-mail "is insufficient as to any given potential opt-in plaintiff." *Brittmon v. Upreach, LLC*,

13

285 F. Supp. 3d 1033, 1044–45 (S.D. Ohio 2018) (Watson, J.), abrogated on other grounds by *Clark*, 68 F.4th at 1009. Accordingly, Notice may be sent to a Potential Plaintiff by text message if (i) Defendants provide only a mailing address or an email address and (ii) the Notice sent by that method is returned as undeliverable.

\* \* \*

Ms. Gifford's proposed Notice, Consent to Join, and distribution plan are **NOT APPROVED**. Ms. Gifford is **ORDERED** to move for approval of a proposed Notice, Consent to Join, and distribution plan that are consistent with this Opinion and Order **within seven days**. At that time, she may also move the Court for an order directing Defendants to produce names and contact information for Potential Plaintiffs.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **DENIED**. Ms. Gifford's Motion for Court-Appointed Notice is **GRANTED** to the extent that she has shown a strong likelihood that she is similarly situated to the Potential Plaintiffs. However, her proposed Notice, Consent to Join, and distribution plan are **NOT APPROVED**. Ms. Gifford is **ORDERED** to file a motion to approve a revised proposed Notice, Consent to Join, and distribution plan **within seven days**.

IT IS SO ORDERED.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**