UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DONNA GIFFORD**, on behalf of herself and others similarly situated, | : : | **CASE NO. 2:22-cv-4389** |
| Plaintiff, | : : : | **CHIEF JUDGE SARAH D. MORRISON** |
| v. | : : : | **MAGISTRATE JUDGE CHELSEY M. VASCURA** |
| **NORTHWOOD HEALTHCARE GROUP, LLC**, *et al.*, | : : : | |
| Defendants. | : | |

### JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

Representative Plaintiff Donna Gifford ("Representative Plaintiff") and Defendants Northwood Healthcare Group, LLC and Garden Healthcare Group, LLC (collectively "Defendants") (collectively, Representative Plaintiff and Defendants referred to as the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") collective action settlement. The settlement was reached by experienced wage and hour counsel after arms-length, good-faith settlement negotiations with a neutral third-party mediator.

The following documents are submitted for the Court's approval:

**Exhibit 1**:  Collective Action Settlement Agreement and Release (the "Settlement" or "Agreement") and Exhibit A – Notice of Settlement;

**Exhibit 2**:  Declaration of Adam C. Gedling ("Gedling Decl."); and

**Exhibit 3**:  Proposed Order Granting Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice.

For the reasons set forth in the attached Memorandum in Support, the Parties respectfully request that the Court approve their FLSA settlement and dismiss this case with prejudice.

Respectfully Submitted,

| **COFFMAN LEGAL, LLC** | **BAKER & HOSTETLER LLP** |
|---|---|
| */s/ Adam C. Gedling* | */s/ Carrie A. Valdez* |
| Matthew J.P. Coffman (0085586) | Gregory V. Mersol, Trial Attorney (0030838) |
| Adam C. Gedling (0085256) | Jeffrey R. Vlasek (0082771) |
| Kelsie N. Hendren (0100041) | Carrie A. Valdez (0094004) |
| Tristan T. Akers (0102298) | Key Tower |
| 1550 Old Henderson Rd. | 127 Public Square, Suite 2000 |
| Suite #126 | Cleveland, OH 44114-1214 |
| Columbus, Ohio 43220 | Telephone: (216) 621-0200 |
| Telephone: (614) 949-1181 | Facsimile: (216) 696-0740 |
| Facsimile: (614) 386-9964 | Email: gmersol@bakerlaw.com |
| Email: mcoffman@mcoffmanlegal.com | jvlasek@bakerlaw.com |
| agedling@mcoffmanlegal.com | cvaldez@bakerlaw.com |
| khendren@mcoffmanlegal.com | |
| takers@mcoffmanlegal.com | *Counsel for Defendants* |
| *Counsel for Representative Plaintiff and those similarly situated* | |

**MEMORANDUM IN SUPPORT**

I.     **FACTUAL AND PROCEDURAL BACKGROUND.**

    A.     **Summary of the Claims and Defenses**

Representative Plaintiff filed this case on behalf of herself and others similarly situated on December 15, 2022 (the "Action"). In the Action, Representative Plaintiff asserts claims against Defendants under the FLSA and Ohio law. Decl. of Adam C. Gedling, attached as **Exhibit 2**, ¶ 9. Specifically, Representative Plaintiff alleges that Defendants failed to pay her and other similarly situated direct care employees all overtime because they applied meal break deductions even when these employees did not receive "bona fide" meal periods. Defendants deny these allegations and maintain that they have properly compensated all employees at all relevant times. *Id*., ¶ 10.

On March 20, 2023, Representative Plaintiff filed her Pre-Discovery Motion for Conditional Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. §216(b) ("Motion for Conditional Certification") to all current and formerly hourly, non-exempt direct care employees of Defendants who had a meal break deduction applied to their hours worked in any workweek where they were paid for at least forty (40) hours of work beginning three (3) years prior to the filing date of the Motion for Conditional Certification. *Id*. ¶ 11,

On August 21, 2023, the Court granted Plaintiff's Motion for Conditional Certification. Thereafter, Representative Plaintiff commenced the 45-day notice period whereby notice was sent by mail and email. On August 9, 2024, a supplemental notice was mailed to additional putative class members. A total of 132 individuals joined the lawsuit ("Opt-in Plaintiffs") in addition to Representative Plaintiff (collectively, Opt-In Plaintiffs and Representative Plaintiff referred to as ("Plaintiffs"). *Id*.

Written discovery was exchanged, Defendants produced substantial data and documents, and Plaintiff's counsel engaged a consultant to assist them in analyzing these documents to compute damages for settlement discussions prior to the Parties attending mediation. On November 6, 2024, the Parties mediated this issue with a well-respected mediator, Dennis Clifford. *Id.*, ¶ 12. The Parties were successful at reaching a negotiated settlement during mediation. *Id.*

B.  **Summary of Key Settlement Terms**

The total settlement amount is $340,000.00 (the "Global Settlement Fund"). This amount includes: (a) all individual payments to the Plaintiffs; (b) a Service Award to Representative Plaintiff; (c) Representative Plaintiff's Counsel's attorneys' fees and litigation expenses; and (d) the cost of settlement administration (where the overall settlement reached by the Parties, as memorialized in the Agreement, is referred to herein as the "Settlement"). *Id.*, ¶ 14.

If the Court approves the Settlement, then a Notice of Settlement of Collective Action Lawsuit (i.e., **Exhibit 1-A**) and respective settlement award payment will be sent to Representative Plaintiff and all other Opt-In Plaintiffs who joined the Action. In exchange for the Settlement, this Action will be dismissed with prejudice, and Plaintiffs will release Defendant from all federal, state, and local wage-and-hour claims, rights, demands, liabilities, and causes of action that were asserted, or could have been asserted, under the FLSA or any other applicable state or local wage-and-hour law relating to unpaid and/or untimely payment of wages, overtime, liquidated damages, attorneys' fees, costs, expenses, penalties, interest, settlement administration costs, and service awards. Gedling Decl., Ex. 2, ¶ 15.

In addition to the settlement payments to Plaintiffs, the Agreement also calls for a payment to Representative Plaintiff of $5,000 in recognition of her service to the collective for which she will execute a general release of claims. The Agreement also allows for payment to Plaintiffs'

Counsel of one-third (1/3) of the Global Settlement Fund for attorneys' fees and $18,318.18 to reimburse litigation expenses incurred in prosecuting this Action. *Id.*, ¶ 17.

## II.     PROPRIETY OF APPROVAL OF THE SETTLEMENT

### A.     The Overall Settlement Is Fair, Reasonable, and Adequate.

The court presiding over the settlement of an FLSA collective action must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours and overtime." *Lansbury v. City of Ashtabula, Ohio*, No. 1:23-CV-01937, 2024 WL 1742380, at *1 (N.D. Ohio Apr. 18, 2024) (quoting *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010)) (quotation marks omitted). A district court looks to the following factors in determining whether a collective action settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; and (5) the public interest.

*Reitz v. Laurel Lake Ret. Cmty., Inc.*, No. 5:21-cv-2259, 2024 WL 1514549, at *1 (N.D. Ohio Apr. 8, 2024). "While these factors are helpful in guiding the analysis, the 'fairness of each settlement turns in large part on the bona fides of the parties' legal dispute,' that is, whether there are real issues and risks in the case that would lead each party to opt toward settlement." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 WL 1614822, at *2 (N.D. Ohio Mar. 26, 2019) (quoting *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Application of these principles to this Settlement demonstrates that approval of the Parties' Settlement is warranted.

   1.     *No indicia of fraud or collusion exists.*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 WL 4913678, at *3 (N.D. Ohio Oct. 10, 2018) (internal quotation marks and further citation omitted). Here, the Agreement was achieved only after arms'-length and good-faith negotiations between the Parties and after each Party had the opportunity to evaluate Defendants' time and payroll data to determine the potential damages at issue if this case were to continue. The Agreement was reached with the assistance of an independent and experienced mediator, Dennis Clifford, and "[t]he participation of an independent mediator in the settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties." *Hainey v. Parrott*, 617 F. Supp.2d 668, 673 (S.D. Ohio 2007) (Beckwith, J.). As such, because there is no indicia of fraud or collusion, this factor favors approval of the Settlement.

        2.    *The complexity, expense, and likely duration of continued litigation favor approval.*

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018) (Watson, J.) (further citation omitted) ("[M]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them."). Moreover, the Parties disagree over the merits of Plaintiffs' claims, whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, and whether Plaintiffs would be entitled to liquidated damages if they were to prevail on the merits.

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to the Plaintiffs promptly and efficiently, and it amplifies the benefits of that relief through the economies of class/collective resolution. Gedling Decl., Ex. 2, ¶ 24.

        3.     *Investigation was sufficient to allow the parties to act intelligently.*

The Parties engaged in substantial investigation before negotiating the Settlement. Written discovery was exchanged, and Defendants produced substantial data and documents. Gedling Decl., Ex. 2, ¶ 12. In addition, Plaintiffs' counsel engaged a consultant to review those records and create a damages model. *Id.* As such, the Parties were able to perform a detailed analysis of the risks and possible outcomes of this case and the potential damages should Plaintiffs prevail on their claims, which allowed them to negotiate a settlement based on facts and data. *Id.*

Additionally, the Parties' counsel thoroughly researched the legal and factual issues in the case, and both sides understand all aspects of the dispute.

        4.     *The risks of litigation favor approval.*

Counsel for each side believes in the merits of its respective clients' position while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendants raise various defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that Plaintiffs could receive no compensation, or, if they do receive any compensation, it will be only after protracted litigation. By settling the case, the Parties bypass the inherent litigation risks and achieve finality on this matter. This factor favors approval of the Settlement. *Lansbury*, 2024 WL 1742380, at *2 ("Additionally, the Court observes that, given the factual and legal complexity

of the case, there is no guarantee Plaintiffs would have prevailed. In contrast, the Settlement Agreement assures that Plaintiffs will receive compensation for the alleged violations at issue.").

        5.        *Plaintiffs' Counsel's recommendation favors approval.*

Counsel for each respective Party is experienced in wage-and-hour collective and class actions, has acted in good faith, and has represented its clients' best interests in reaching the Settlement. Plaintiffs' Counsel supports the Settlement as fair and reasonable and in the best interest of Plaintiffs, as described in the Declaration of Adam C. Gedling. Gedling Decl., Ex. 2, ¶¶ 19-21. "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright*, 2018 WL 3966253, at *5; *see also Williams v. CG-HHC, Inc.* No. 5:22-cv-1003, 2024 WL 1514587, at *3 (N.D. Ohio Apr. 8, 2024) ("The Court has taken into account the opinion of counsel in this collective action, who has expressed the opinion that the proposed settlement fairly accounts for the compensation alleged to be owed to the plaintiffs . . . . The Court agrees with counsel.") Accordingly, this factor favors approval of the Settlement. In addition, the Settlement was recommended by a third-party neutral, Dennis Clifford.

        6.        *The reaction of absent class members favors approval.*

If the Court approves the Settlement, Plaintiffs will receive a settlement award payment that, in the Parties' counsel's opinion, is fair and reasonable and recommended by the mediator. Plaintiffs' Counsel has not received any indication that any Plaintiff would have an objection to this Settlement. Gedling Decl., Ex. 2, ¶ 16.

       7.     *The public interest favors approval.*

As the Sixth Circuit recently noted in another case involving the approval of an FLSA settlement, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). Here, rather than face the risk and uncertainty of continued litigation, the Settlement confers immediate benefits on Plaintiffs, avoids the risks and expense of further litigation, and conserves judicial resources. Thus, the Court should find that this factor supports approval of the Settlement.

    **B.**    **The Settlement Distributions Are Fair, Reasonable, and Adequate.**

As a part of the scrutiny that it applies to an FLSA collective action settlement, the Court must "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-cv-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sept. 9, 2016) (Marbley, J.) (citation omitted). Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable, and adequate for Plaintiffs.

       1.     *The individual payments are reasonable and adequate.*

The Settlement compensates Plaintiffs for alleged unpaid overtime wages on a *pro rata* basis that represents 72.6% of the wage and hour and non-wage and hour damages assuming 3 missed meal breaks each week. Gedling Decl., Ex. 2, ¶ 16. The proposed calculation "ensures an equitable distribution of settlement proceeds that is directly tied to the claims of and harm allegedly suffered by the settlement class members and will provide them with a proportionate share of the settlement funds." *Satterly v. Airstream, Inc.*, No. 3:19-cv-107, 2020 WL 6536342, at *8 (S.D. Ohio Sept. 25, 2020) (Rice, J.).

      2.      <u>*Representative Plaintiff's Service Award is proper and reasonable.*</u>

The Settlement provides for a Service Award of $5,000 to Representative Plaintiff in addition to her individual settlement payment. Gedling Decl., Ex. 2, ¶ 17. Courts routinely approve service awards to representative plaintiffs in class and collective action litigation because they "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Thus, courts "routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the litigation." *Ulm v. Artemis Care LLC*, No. 5:23-cv-214, 2024 WL 149755, at *3 (N.D. Ohio Jan. 12, 2024).

The proposed Service Award set forth in the Agreement is within the range awarded by district courts in this Circuit and in wage and hour actions in other jurisdictions. *See, e.g.*, *Al-Sabur, et al. v. ADS Alliance Data Sys., Inc.*, No. 2:18-cv-957, Dkt. No. 23 (S.D. Ohio Aug. 6, 2019) (Smith, J.) (approving a service award of $12,500 for a representative plaintiff); *Mullins v. S. Ohio Pizza, Inc.*, No. 1:17-CV-426, 2019 WL 275711, at *6 (S.D. Ohio Jan. 18, 2019) (Dlott, J.) (approving a $10,000 service award for each named plaintiff); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 WL 6310376, at *8 (S.D. Ohio Nov. 25, 2019) (Rice, J.) (approving a $10,000 service award for each named plaintiff); *Swigart v. Fifth Third Bank*, 2014 WL 3447947, at *7 (S.D. Ohio July 11, 2014) (Black, J.) (approving "modest class representative award" requests of $10,000 to each of the class representatives).

Here, Representative Plaintiff contributed significant time, effort, and detailed factual information, all of which enabled Plaintiffs' Counsel to evaluate the strength of this case and reach a settlement of this matter that, in Plaintiffs' Counsel's opinion, fairly and adequately compensates

the collective for alleged unpaid wages. As such, the time and efforts that Representative Plaintiff provided supports the requested Service Award. Gedling Decl., Ex. 2, ¶ 17.

### 3. *The attorneys' fees to Plaintiffs' Counsel are proper and reasonable.*

After the Court has confirmed that the terms of settlement are fair to Plaintiffs, it may review the Agreement as to the provision of fees and costs to Plaintiffs' Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances" and thus "encourage[s] the vindication of congressionally identified policies and rights." 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)).

Here, Plaintiffs are requesting that the Court approve reasonable attorneys' fees of one-third (1/3) of the settlement fund, to wit, $113,333.33. Gedling Decl., Ex. 2, ¶ 25. "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly*, 2020 WL 6536342, at *10 (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp.2d 766, 789 (N.D. Ohio 2010).

A one-third fee award is "typical for attorney's fees in common fund, FLSA collective actions in this District." *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 WL

4574509, at *8 (S.D. Ohio Sept. 20, 2019) (Morrison, J.); *see Myres v. Hopebridge, LLC*, No. 2:20-cv-5390, 2023 WL 2399056, at *6 (S.D. Ohio Feb. 21, 2023) (Sargus, J.); *Smith v. Local Cantina, LLC*, No. 2:20-cv-03064, 2022 WL 1183325, at *7 (S.D. Ohio Apr. 19, 2022) (Graham, J.); *O'Neil v. Miller Pipeline, LLC*, No. 2:20-cv-4034, 2021 WL 5376235, at *2 (S.D. Ohio Nov. 2, 2021) (Watson, J.); *Harsh v. Kalida Mfg., Inc.*, No. 3:18-cv-2239, 2021 WL 4145720, at *8 (N.D. Ohio Sept. 13, 2021); *Bailey v. Paradies Shops, LLC*, No. 2:20-cv-2610, 2021 WL 3662466, at *6 (S.D. Ohio Aug. 18, 2021) (Deavers, M.J.) (finding a one-third attorney fees request to be reasonable and noting that "[d]istrict courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount"); *Mullins v. Data Mgmt. Co.*, No. 1:20-cv-214, 2021 WL 2820560, at *6, *8 (S.D. Ohio June 21, 2021) (McFarland, J.); *Arp v. Hohla & Wyss Enters., LLC*, No. 3:18-cv-119, 2020 WL 6498956, at *6 (S.D. Ohio Nov. 5, 2020) (Rice, J.).

Furthermore, Plaintiffs' Counsel accepted this case on a contingency fee basis and advanced all litigation fees, costs, and expenses. Gedling Decl., Ex. 2, ¶ 25. Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 WL 6485159, at *7 (S.D. Ohio Dec. 3, 2019) (Vascura, M.J.).

    4. *The Court should authorize reimbursement to Plaintiffs' Counsel of its out-of-pocket expenses incurred in this Action.*

Plaintiffs' Counsel should also be reimbursed for its out-of-pocket expenses and costs in the amount of $18,318.18, which includes the filing fee, subpoenas, court reporter, notice administration cost, cost for consultant to construct the damages analysis, and mediation cost. Gedling Decl., Ex. 2, ¶ 27. The third-party settlement administrator's fee, estimated to be

$6,359.00, and will be paid from the global settlement amount. *Id*. "Under the common fund doctrine, Plaintiffs' Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 WL 6310376, at *7. In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.*

### III.     CONCLUSION

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice; (2) approve Plaintiffs' Counsel's request for attorneys' fees and expenses; (3) approve the requested Service Award; and (4) retain jurisdiction to enforce the settlement if necessary.

Respectfully Submitted,

| COFFMAN LEGAL, LLC | BAKER & HOSTETLER LLP |
|---|---|
| */s/ Adam C. Gedling* | */s/ Carrie A. Valdez* |
| Matthew J.P. Coffman (0085586) | Gregory V. Mersol, Trial Attorney (0030838) |
| Adam C. Gedling (0085256) | Jeffrey R. Vlasek (0082771) |
| Kelsie N. Hendren (0100041) | Carrie A. Valdez (0094004) |
| Tristan T. Akers (0102298) | Key Tower |
| 1550 Old Henderson Rd. | 127 Public Square, Suite 2000 |
| Suite #126 | Cleveland, OH 44114-1214 |
| Columbus, Ohio 43220 | Telephone: (216) 621-0200 |
| Telephone: (614) 949-1181 | Facsimile: (216) 696-0740 |
| Facsimile: (614) 386-9964 | Email: gmersol@bakerlaw.com |
| Email: mcoffman@mcoffmanlegal.com |        jvlasek@bakerlaw.com |
|        agedling@mcoffmanlegal.com |        cvaldez@bakerlaw.com |
|        khendren@mcoffmanlegal.com | |
|        takers@mcoffmanlegal.com | *Counsel for Defendants* |
| *Counsel for Representative Plaintiff and those similarly situated* | |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of December 2024, a copy of the foregoing was filed electronically on the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system.

                                              */s/ Adam C. Gedling*
                                              Adam C. Gedling