UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONNA GIFFORD,** *on behalf of herself and others similarly situated*,

        **Plaintiff,**

  v.

**NORTHWOOD HEALTHCARE GROUP, LLC,** *et al.*,

        **Defendants.**

:

:

:

**Case No. 2:22-cv-4389**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## ORDER

This matter is before the Court on Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal. (ECF No. 127.) For the reasons set forth below, the Joint Motion is **DENIED WITHOUT PREJUDICE**.

**I.**    **BACKGROUND**

Representative Plaintiff Donna Gifford filed this Action as a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and Ohio law, alleging that Defendants, over a three-year period, unlawfully failed to pay overtime wages when they deducted a 30-minute meal break from Plaintiffs' compensable hours, even when Plaintiffs were unable to take full, uninterrupted meal breaks and instead had to perform substantive job duties. (ECF No. 1). Defendants deny the allegations. (Settlement Agreement, ECF No. 127-1, ¶ 18.)

After engaging in settlement discussions, the parties filed a Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice. (ECF No. 127.) The Proposed Settlement applies to Ms. Gifford and the 132 opt-in Plaintiffs. (Settlement Agreement, ECF No. 127-1.) Pursuant to the Proposed Settlement, Defendants would pay a total of $340,000 to cover (a) individual payments to the 133 Plaintiffs, (b) a $5,000 service award to Ms. Gifford, (c) attorney's fees and expenses totaling $113,333.33, plus additional litigation expenses totaling $18,318.18, and (d) the cost of settlement administration totaling $6,359. (*Id.* at ¶ 4.)

The amount of each individual payment is to reflect the Plaintiff's "*pro rata* share . . . based on the amount of unpaid wages and non-wage damages owed to each Plaintiff as calculated by Plaintiffs' counsel." (*Id.* at ¶ 17.) The parties represent that the individual payments will provide each Plaintiff with 72.6% of their damages, assuming three missed meal breaks each week during the relevant period. (*Id.* ¶ 24.) Further, the Motion states that damages were calculated by "analyzing Plaintiffs' payroll and timekeeping records to determine each individual's amount of unpaid overtime" and that "no settlement payment will be less than $20." (*Id.*) No further information was provided regarding the specific amount of each individual settlement payment.

## II. STANDARD OF REVIEW

To approve the Settlement Agreement, the Court must conclude that it is a "fair and reasonable resolution of a *bona fide* dispute between the parties." *Osman*

*v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 WL 2095172, at *1 (N.D. Ohio May 4, 2018) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352–54 (11th Cir. 1982)). Courts within the Sixth Circuit look at seven factors to determine whether settlement is fair and reasonable. *See Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

### III. ANALYSIS

The Court is presently unable to fulfill its obligation of determining the reasonableness of the Proposed Settlement's individual awards because the Court has not been provided information regarding how the 72.6% was determined or the specific amounts for each Plaintiff. Without this information, the Court cannot determine whether the awards to every Plaintiff are fair and reasonable.

### I. CONCLUSION

For the foregoing reasons, the Joint Motion is **DENIED WITHOUT PREJUDICE**. Parties may file an amended proposed motion for approval of settlement and stipulation of dismissal that includes the information required by the Court.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**

3