UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DONNA GIFFORD**, on behalf of herself and others similarly situated, | : : : | |
| Plaintiff, | : : | **CASE NO. 2:22-cv-4389** |
| v. | : : : | **CHIEF JUDGE SARAH D. MORRISON** |
| **NORTHWOOD HEALTHCARE GROUP, LLC**, *et al.*, | : : : : | **MAGISTRATE JUDGE CHELSEY M. VASCURA** |
| Defendants. | : | |

## JOINT RENEWED MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

Representative Plaintiff Donna Gifford ("Representative Plaintiff") and Defendants Northwood Healthcare Group, LLC and Garden Healthcare Group, LLC (collectively "Defendants") (collectively, Representative Plaintiff and Defendants referred to as the "Parties") respectfully provide the Court with the additional information it sought in its January 15, 2025 Order, ECF No. 128, and move the Court to approve the Parties' Fair Labor Standards Act ("FLSA") collective action settlement.[1]

---

[1] In addition to providing the Court with the additional information it requested, the Parties would also respectfully bring to the Court's attention a recent trend in this Circuit regarding court review of FLSA settlements. The Court recently issued an opinion in *Gilstrap v. Sushinati LLC*. 734 F. Supp.3d 710 (May 15, 2024) (Cole, J.), holding as a matter of first impression that Court approval is not necessary for FLSA settlements. In *Gilstrap*, the Court denied a motion to approve an FLSA settlement, concluding that it lacked authority to opine on the fairness or propriety of the settlement, and that doing so would constitute an impermissible advisory opinion. *Id.* at 714–28. This Court and others have assessed and applied *Gilstrap* several times since in finding that court-approval of FLSA settlements is not required. *E.g.*, Stephens v. Auto Sys. Ctrs., Inc., No. 2:21-cv-5131, 2024 WL 4577862, at *1 (S.D. Ohio Oct. 22, 2024) (Vascura, M.J.) ("The undersigned finds the reasoning of *Gilstrap* persuasive and concludes that Court approval of the parties' FLSA settlement is neither required nor authorized."); Cataline v. Beechmont Brewing, LLC, No. 1:23-CV-621, 2024 WL 4313715, at *1 (S.D. Ohio Sept. 26, 2024) (Hopkins, J.) (further citation omitted) ("This Court agrees with the opinion in *Gilstrap* and joins the trend emerging in this

1

This motion incorporates the Parties' Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice ("Motion for Settlement Approval"), ECF No. 127; Collective Action Settlement Agreement and Release ("Settlement"), ECF No. 127-1; Decl. of Adam C. Gedling ("Gedling Decl."), ECF No. 127-2; and Proposed Order, ECF No. 127-3.

Before the Parties attended private mediation with a neutral third-party mediator, Defendants produced substantial pay and time records for Plaintiffs.[2] Gedling Decl., ECF No.127-2, ¶ 12. Representative Plaintiff alleges that Defendants failed to pay her and Opt-In Plaintiffs all overtime wages because Defendants applied meal break deductions to their daily compensable hours worked when they were unable to take a meal break, had shortened meal breaks, or had their meal breaks interrupted with job duties. *Id.*, ¶ 10. Thus, Plaintiff engaged a consultant to analyze Plaintiffs' pay and time records and prepare a damages analysis that calculates unpaid overtime wages for each Plaintiff based on adding a varying number of meal break deductions back to Plaintiffs' compensable hours worked for each workweek wherein they worked forty (40) or more

---

District of eliminating the prudential condition that requires district court approval of FLSA settlements."); Notation Order, Holder v. A&L Home Care and Tr. Ctr., LLC, No. 1:20-cv-757 (S.D. Ohio Aug. 9, 2024) (McFarland, J.) (vacating a deadline for the parties to submit their motion for FLSA settlement approval and instead requiring them to submit a stipulation of dismissal in light of *Gilstrap*); Cummins v. Midmark Corp., No. 3:23-CV-277, 2024 WL 3405458, at *1 (S.D. Ohio July 9, 2024) (Newman, J.) ("This Court agrees with Judge Cole's well-reasoned opinion in *Gilstrap* and instructs the parties to administer the FLSA settlement under Fed. R. Civ. P. 41(a) and as agreed-upon in the terms of their private settlement."); Barrios v. Kamps, Inc., No. 1:23-CV-584, 2024 WL 4181210, at *1 (W.D. Mich. Sept. 12, 2024) (finding *Lynn's Food Stores* unpersuasive and differentiating FLSA cases from Rule 23 cases); Reid v. Peterson Farms, Inc., No. 1:24-cv-340, Dkt. No. 24, at PageID 160 (W.D. Mich. Dec. 9, 2024) (adopting the reasoning of *Gilstrap* and concluding that the Court had no obligation or authority to approve the settlement agreement when it declined to issue an advisory opinion). As noted, the Parties have provided the requested information and are prepared to proceed with the familiar court-approval process. To the extent that the Court finds *Gilstrap* and its progeny persuasive however, the Parties are also prepared to file a stipulated dismissal and administer the settlement accordingly.
[2] "Plaintiffs" include Representative Plaintiff and all opt-in plaintiffs who have filed consents to join the case (the "Opt-In Plaintiffs").

hours. *Id.*, ¶ 10.

In its Order, the Court stated that it had "not been provided information regarding how the 72.6% was determined or the specific amounts for each Plaintiff," and, consequently, the Court could not "determine whether the awards to every Plaintiff are fair and reasonable." ECF No. 128, at PAGEID #: 2716. The 72.6% figure included in the Motion for Settlement Approval was calculated by determining the total amount of unpaid overtime damages for all Plaintiffs for the maximum three (3) year lookback period,[3] which equaled $135,578.90. This amount was then doubled to account for the possibility of obtaining liquidated damages pursuant to the FLSA.[4] The Net Settlement Fund[5] is $196,989.49, which is therefore 72.6% of the unpaid paid overtime damages plus liquidated damages.[6]

Therefore, the Settlement Awards[7] represent approximately 72.6% of Plaintiffs' calculated unpaid overtime damages in a 3-year period with liquidated damages, assuming that Plaintiffs did not receive three (3) bona fide meal periods each workweek. All Plaintiffs will receive at least a $20 minimum payment. Plaintiffs' Settlement Awards are listed in **Exhibit 1**.

---

[3] Defendants dispute that any violation occurred, including that it was a willful violation pursuant to 29 U.S.C. § 255(a). If Representative Plaintiff could not prove that a willful violation occurred, the unliquidated overtime damages for two (2) years would have been $86,794.48. Even though the issue of willfulness was strongly disputed, the individual settlement payments were computed based on a 3-year time period.

[4] Defendant also disputes the appropriateness of liquidated damages, but for the purposes of the individual settlement payments, liquidated damages were added to Plaintiffs' unpaid overtime damages.

[5] The Settlement defines this term as "Net Settlement Fund," which means the amount available for individual Settlement Awards after deducting all attorneys' fees and litigation expenses, the Service Award, and the Settlement Administrator's Costs.

[6] This calculation was $196,989.49 divided by $271,157.80, which equals 72.6%.

[7] The Settlement defines this term as "Settlement Award," meaning the amount of the Net Settlement Fund that will be paid to each Plaintiff, which shall be their *pro rata* share of the Net Settlement Fund based on the amount of unpaid wages and non-wage damages owed to each Plaintiff as calculated by Plaintiffs' counsel.

For the reasons set forth above and in the Motion for Settlement Approval, the Parties respectfully request that the Court approve the FLSA settlement reached by the Parties, with the assistance of a third-party neutral mediator, and dismiss this case with prejudice. If the Court otherwise agrees with *Gilstrap*, *see supra* note 1, it should order the Parties to file their dismissal instead.

Respectfully submitted,

| **COFFMAN LEGAL, LLC** | **BAKER & HOSTETLER LLP** |
|---|---|
| */s/ Adam C. Gedling* | */s/ Carrie A. Valdez* |
| Matthew J.P. Coffman (0085586) | Gregory V. Mersol, Trial Attorney (0030838) |
| Adam C. Gedling (0085256) | Jeffrey R. Vlasek (0082771) |
| Kelsie N. Hendren (0100041) | Carrie A. Valdez (0094004) |
| Tristan T. Akers (0102298) | Key Tower |
| 1550 Old Henderson Rd. | 127 Public Square, Suite 2000 |
| Suite #126 | Cleveland, OH 44114-1214 |
| Columbus, Ohio 43220 | Telephone: (216) 621-0200 |
| Telephone: (614) 949-1181 | Facsimile: (216) 696-0740 |
| Facsimile: (614) 386-9964 | Email: gmersol@bakerlaw.com |
| Email: mcoffman@mcoffmanlegal.com | jvlasek@bakerlaw.com |
| agedling@mcoffmanlegal.com | cvaldez@bakerlaw.com |
| khendren@mcoffmanlegal.com | |
| takers@mcoffmanlegal.com | *Counsel for Defendants* |
| *Counsel for Representative Plaintiff and Opt-In Plaintiffs* | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically using the CM/ECF systems this 24th day of January 2025, which will automatically serve notice upon all counsel of record.

*/s/ Adam C. Gedling*
Adam C. Gedling